# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cr. ID No. 0406005054 |
| | ) | |
| MELVIN L. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 15, 2019
Decided: November 8, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND MOTION FOR THE APPOINTMENT OF COUNSEL SHOULD BE DENIED.

Renee L. Hrivnak, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Melvin L. Williams, Sussex Correctional Institution, Georgetown, Delaware, *pro se*.

PARKER, Commissioner

This 8th day of November 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1.	In 2006, Defendant Melvin L. Williams was found guilty by a Superior Court jury of Murder in the First Degree and related weapons offenses. These charges stemmed from the death of a man who was shot in the head four times at close range. The Superior Court sentenced Williams to life imprisonment and a term of years followed by probation.

2.	The Delaware Supreme Court affirmed Williams' conviction and sentence on direct appeal.[1]

3.	On March 25, 2008, while represented by counsel, Williams filed a Rule 61 motion for postconviction relief alleging ineffective assistance of counsel and insufficiency of evidence claims.	After consideration of the motion, an affidavit filed by Williams' trial counsel, and the State's response, the Superior Court denied the motion on May 28, 2009.[2]	The Delaware Supreme Court affirmed the denial of Williams' first Rule 61 postconviction relief motion on December 2, 2009.[3]

---

[1] *Williams v. State,* 2007 WL 914579 (Del.).
[2] *State v. Williams,* 2009 WL 6529205 (Del.Super.).
[3] *Williams v. State,* 2009 WL 4351700 (Del.).

4. Williams filed a federal petition for habeas corpus raising "actual innocence" and ineffective assistance of counsel claims. On May 15, 2013, the federal court denied Williams' habeas petition.[4]

5. In January 2014, Williams filed a second Rule 61 motion for postconviction relief and a motion for the appointment of counsel. By Order dated February 4, 2014, the Superior Court summarily dismissed the postconviction motion and denied the appointment of counsel.[5] On May 12, 2014, the Delaware Supreme Court affirmed the denial of the second Rule 61 motion and the denial of the appointment of counsel.[6]

6. On August 5, 2019, Williams filed the subject Rule 61 motion. In the subject motion, Williams raises four claims. Specifically, Williams claims:

(1) that he learned that his trial counsel was disbarred for a mental disability and "who says he was not going through this disability when he represented me";

(2) that "a man came forward and wrote to the courts that he was the person who committed the murder";

(3) D.N.A. found at the crime scene did not belong to Williams. D.N.A. belonged to two unknown males and one unknown female. The D.N.A. was

---

[4] *Williams v. Phelps et al.*, 2013 WL 2149641 (D.Del.).
[5] *State v. Williams*, 2014 WL 1302998 (Del.Super.).
[6] *Williams v. State*, 2014 WL 1912367 (Del.).

2

never tested to confirm the identity of the individuals. There are three possible suspects; and

(4)     Williams assisted the State of Delaware in a big case and helped the State secure convictions.

7.     Rule 61 mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[7] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[8]

8.     In the subject motion, Williams first claims that his trial counsel was disbarred due to some mental disability, and "who says he was not going through this disability when he represented me". This claim does not meet the pleading requirements to overcome the summary dismissal of this third Rule 61 motion. This claim does not contend that there is *new* evidence that creates a strong inference of Williams' actual innocence.

---

[7]  Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).
[8]  Super.Ct.Crim.R. 61(d)(5).

3

9. Williams claims of ineffective assistance of counsel raised in his first Rule 61 postconviction motion were fully, thoroughly and carefully considered and denied. The Superior Court held, and the Delaware Supreme Court affirmed, that trial counsel was not ineffective in his representation of Williams.[9]

10. Williams went to trial in 2006 and his direct appeal was decided in 2007. Williams' trial counsel did not go on disability status until 2014, many years after he represented Williams at trial. Moreover, Williams' trial counsel's license to practice law has now been reinstated.[10]

11. Williams has not pled with particularity that trial counsel's alleged subsequent disability in any way created an inference, let alone a strong inference, of Williams' actual innocence. This claim does not meet the pleading requirements to overcome the summary dismissal of this motion.

12. Williams' second claim is that "a man came forward and wrote to the courts that he was the person who committed the murder." In a letter to the court filed July 17, 2019, Williams further explains that his lawyer, Christopher Koyste, Esquire, investigated this individual's alleged claim and concluded that it lacked sufficient

---

[9] *State v. Williams*, 2009 WL 6529205 (Del.Super.), aff'd, *Williams v. State*, 2009 WL 4351700 (Del.).
[10] *In the Matter of A Member of the Bar: Christopher D. Tease*, Del.Supr., No. 420, 2019, Board Case No. 114511-R (October 15, 2019).

4

factual support. Mr. Koyste advised Williams that the individual's allegation lacked factual support and was "not enough to get me back to court. . ."[11]

13. Conclusory, unsupported and unsubstantiated claims are insufficient to support a motion for postconviction relief.[12]

14. This unsupported, unsubstantiated allegation does not satisfy Williams' burden to establish with particularity that new evidence exists that creates a strong inference of his actual innocence in order to overcome the pleading requirement for proceeding with this motion.

15. Williams' third claim is that D.N.A. found at the crime scene belonged to other individuals. This is not new evidence. Williams knew that there was D.N.A. evidence found at the crime scene that belonged to others at his trial in 2006, over thirteen years ago. Indeed, the Superior Court noted in its decision on Williams' first Rule 61 motion alleging ineffectiveness of counsel and insufficiency of the evidence that "not all the physical evidence pointed to Williams, but no evidence excluded him as the killer."[13] This claim does not meet the pleading requirement to overcome the summary dismissal of this motion.

---

[11] See, Superior Court Docket No. 114- Williams' letter to the court filed July 17, 2019.
[12] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004).
[13] See, *State v. Williams,* 2009 WL 6529205, *1 (Del.Super.),

5

16. Williams' fourth and final claim is that he assisted the State of Delaware in a big case and helped secure convictions. Williams, in raising this claim, is not contending the existence of any new evidence creating a strong inference that he is actually innocent, only that he should receive a reduced sentence in light of his assistance. Williams has not satisfied the pleading requirements for proceeding with this claim.

17. In this motion, Williams has not raised any claim that overcomes the pleading requirements allowing him to proceed with this Rule 61 motion. Williams has not provided *new* evidence creating a strong inference that he is actual innocent. In accordance with the mandates of Rule 61, Williams' Rule 61 motion should be summarily dismissed.[14]

18. Williams has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, this motion should be summarily dismissed.

19. Williams' request for the appointment of counsel is denied. Rule 61 provides that for second or subsequent motions, such as the subject motion, counsel is to be appointed only if it is determined that the motion satisfies the pleading requirements needed to be met in order to overcome the summary dismissal of the motion.[15] Having fully, thoroughly and carefully considered Williams' motion and the

---

[14] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).
[15] Super. Ct. Crim. R. 61(e)(5).

6

evidentiary record, Williams has not satisfied the pleading requirements needed to be met in order to overcome the summary dismissal of the motion.[16] Since Williams has failed to overcome the pleading requirements warranting the appointment of counsel in this third Rule 61 motion, the appointment of counsel is denied.

For all of the foregoing reasons, Williams' Motion for Postconviction Relief should be SUMMARILY DISMISSED and his motion for the appointment of counsel should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:    Prothonotary

---

[16] Super. Ct. Crim. R. 61(e)(5).